UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

ENLIL WASHINGTON,

                               Plaintiff,

               -against-

THE CITY OF NEW YORK, LIEUTENANT EDWARD
BULLOCK, SERGEANT RAYMOND FIALLO, Shield
No. 1761, POLICE OFFICER SHAWN KELLY, Shield
No. 1028, RETIRED POLICE CAPTAIN RICHARD
JACKLE, RETIRED POLICE OFFICER THOMAS
MILLER, SERGEANT JANICE HERNDON, Shield No.
544, POLICE OFFICER AYNE ALLEN, Shield No.
13993, RETIRED POLICE OFFICER NELSON VALEZ,
and POLICE OFFICER BRAVO,

                             Defendants.

------------------------------------------------------------------------x

Docket No.:  13-CV-4809
(ARR) (VVP)

**THIRD AMENDED
COMPLAINT**


**Demand for Jury Trial**

       ENLIL WASHINGTON, through his attorney Kathy A. Polias, Attorney-at-Law,

complaining of the Defendants THE CITY OF NEW YORK, LIEUTENANT EDWARD

BULLOCK, SERGEANT RAYMOND FIALLO, Shield No. 1761, POLICE OFFICER SHAWN

KELLY, Shield No. 1028, RETIRED POLICE CAPTAIN RICHARD JACKLE, RETIRED

POLICE OFFICER THOMAS MILLER, SERGEANT JANICE HERNDON, Shield No.

544, POLICE OFFICER AYNE ALLEN, Shield No. 13993, RETIRED POLICE OFFICER

NELSON VALEZ, and POLICE OFFICER BRAVO, respectfully alleges as follows:

## NATURE OF ACTION

1.     This action is brought to remedy:

(a)    Defendants' excessive use of force against Plaintiff, while acting under color of

        State Law, in violation of 42 U.S.C. Sec. 1983; and

(b)     Defendants' assault and battery of Plaintiff, in violation of common law.

## JURISDICTION AND VENUE

2.     Jurisdiction is specifically conferred upon this Court by 42 U.S.C. Sec. 1983.

This Court has pendent and supplemental jurisdiction over Plaintiff's state/common law claim,

as the facts that form the basis of the state/common law are substantially similar to the facts that

form the basis of the federal law claim.

3.     Venue is proper because the incidents complained of in this lawsuit occurred in

Brooklyn, New York, which is within the Eastern District of New York.

## PARTIES

4.     During all times relevant and material to this Complaint, Plaintiff Enlil

Washington was a resident of the State of New York within the jurisdiction of this Court.

5.     During all times relevant and material to this Complaint, Defendant City of New

York was a municipal corporation organized under the laws of the State of New York.

6.     During all times relevant and material to this Complaint, Defendant Lieutenant

Edward Bullock was employed by Defendant City of New York in the New York City Police

Department.

7.     During all times relevant and material to this Complaint, Defendant Sergeant

Raymond Fiallo, Shield No. 1761, was employed by Defendant City of New York in the New

York City Police Department.

8.     During all times relevant and material to this Complaint, Defendant Police Officer

Shawn Kelly, Shield No. 1028, was employed by Defendant City of New York in the New York

City Police Department.

9. During all times relevant and material to this Complaint, Defendant Retired Police Captain Richard Jackle was employed by Defendant City of New York in the New York City Police Department.

10. During all times relevant and material to this Complaint, Defendant Retired Police Officer Thomas Miller was employed by Defendant City of New York in the New York City Police Department.

11. During all times relevant and material to this Complaint, Defendant Sergeant Janice Herndon, Shield No. 544, was employed by Defendant City of New York in the New York City Police Department.

12. During all times relevant and material to this Complaint, Defendant Police Officer Ayne Allen, Shield No. 13993, was employed by Defendant City of New York in the New York City Police Department.

13. During all times relevant and material to this Complaint, Defendant Retired Police Officer Nelson Valez was employed by Defendant City of New York in the New York City Police Department.

14. During all times relevant and material to this Complaint, Defendant Police Officer Bravo was employed by Defendant City of New York in the New York City Police Department's Emergency Services Unit.

15. During all times relevant and material to this Complaint, the individual Defendants were acting as agents of Defendant City of New York under the principal-agent/*respondeat superior* common law theory and were acting pursuant to policies, practices, and protocols promulgated by Defendant City of New York.

## **FULFILLMENT OF ADMINISTRATIVE PREREQUISITES**

16.     Plaintiff filed a Notice of Claim against the City of New York within 90 days of the incident alleging assault and battery by the City of New York and some of its Police Officers.

## STATEMENT OF FACTS

17.     In or about the early morning hours of Sunday, May 27, 2012, Plaintiff, while under the influence of a drug, went into the Clock Tower at 1 Hanson Place, Brooklyn, New York. Plaintiff was 18 years old at the time. In the front lobby of the Clock Tower, he was confronted by the concierge who asked him, "Who are you?" Plaintiff replied, "Who are you?" Plaintiff went past the concierge into the stairwell. Plaintiff did not display any aggression toward the concierge or act violently toward him in any way. Plaintiff ran up the stairs. When Plaintiff reached one of the higher floors, an individual whom Plaintiff later found out was one of the individual Defendants, but who at the time was in plainclothes and did not announce to Plaintiff that he was a Police Officer, grabbed the shoulder part of Plaintiff's shirt. Plaintiff broke free of him and ran to the elevator. He took the elevator to the eighteenth floor.

18.     From the eighteenth floor, Plaintiff took the elevator back down to a lower floor. At the lower floor, Plaintiff was confronted by the individual Defendants. The officers grabbed him and tried to pull his arms behind his back. Plaintiff was under the influence of a drug and was panicking and frightened. He was therefore trying to break free of their hold by writhing/shaking back and forth and telling them to let him go and to let him get out of there. However, he did not hit or assault any of them. The individual Defendants reacted very violently to him. There were eight or more officers, Plaintiff only weighed around 140 pounds, and all of the officers were bigger than him. They would certainly have been able to restrain him without resorting to such excessive and brutal force. The officers assaulted and battered him and used excessive, brutal force against him by punching him very hard in his face, chest, and back, and

also hitting him very hard in the back of his head with what felt like an object to Plaintiff. After Plaintiff was hit in the back of his head with what felt like an object, he blacked out. Even though Plaintiff blacked out, Plaintiff felt the sensation of his face and body being dragged and rubbed along something rough and down the stairs.

19. Plaintiff woke up in a bed at Woodhull Hospital in Brooklyn, New York. He was handcuffed to the bed. There were three officers in the room. His family members visited him in the hospital. Plaintiff had tremendous pain all over his body. He had a black eye, a lump on the back of his head, large, dark bruises and swelling all over his face, bruises and abrasions on his shoulder, and bruises on his legs. Some of the bruises resembled rug burns and may have been caused by Defendants dragging Plaintiff after Plaintiff had already blacked out and stopped moving.

20. After about twelve hours in the hospital, Plaintiff was taken to the 88th Precinct. At the precinct, one of the officers told Plaintiff that Plaintiff had him (the officer) to thank for his black eye and was laughing with one of the other officers.

21. Plaintiff was processed at the precinct and transferred to Central Booking. He appeared before a judge on May 28, 2012 and was released on bail. He eventually received a conditional discharge.

22. Plaintiff had the large, dark bruises/marks on his face, his shoulder, his knees, and other parts of his body for many months. The marks/bruises on Plaintiff's face were extremely noticeable and caused Plaintiff untold humiliation and embarrassment. Plaintiff also suffered from severe headaches, chest aches, knee aches, and/or limitations in his mobility for almost a year. Plaintiff has also suffered severe emotional and mental distress as a result of Defendants' actions.

## AS FOR A FIRST CAUSE OF ACTION

23.     Plaintiff incorporates by reference paragraphs 1 through 22 herein.

24.     In violation of 42 U.S.C. Sec. 1983, the individual Defendants, while acting under color of State Law, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution by using excessive, brutal, and unnecessary force against him, causing him serious injuries. This force was entirely unnecessary to control, restrain, or handcuff Plaintiff.

## AND AS FOR A SECOND CAUSE OF ACTION

25.     Plaintiff incorporates by reference paragraphs 1 through 24 herein.

26.     In violation of common law, the individual Defendants, while acting as agents of Defendant City of New York, assaulted and battered Plaintiff, causing him serious injury.

## AND AS FOR A THIRD CAUSE OF ACTION

27.     Plaintiff incorporates by reference paragraphs 1 through 26 herein.

28.     The individual Defendants used excessive, brutal, and unnecessary force against Plaintiff pursuant to the City of New York's practice and policy of: failing to discipline Police Officers who assault and batter and use excessive force against members of the public; and failing to train Police Officers as to when it is necessary to use force in effectuating arrests and as to avoiding using excessive or unnecessary force.

29.     Defendant City of New York is therefore jointly and severally liable with the individual Defendants for the First Cause of Action.

WHEREFORE, Plaintiff requests the following relief:

For each of the First and Third Causes of Action under 42 U.S.C. Sec. 1983 against Defendant City of New York and the individual Defendants, jointly and severally, Plaintiff requests:

i.      Compensatory damages for Plaintiff's physical, emotional, and mental distress in an amount to be decided at trial and in accordance with proof;

ii.     Punitive damages in an amount to be decided at trial and in accordance with proof;

iii.    Reasonable attorney's fees and the costs and disbursements of this action; and

iv.    Such other relief as Plaintiff may be shown entitled to.

For the Second Cause of Action under common law against all of the Defendants, jointly and severally, Plaintiff requests:

i.      Compensatory damages for Plaintiff's physical, emotional, and mental distress in an amount to be decided at trial and in accordance with proof;

ii.     Punitive damages in an amount to be decided at trial and in accordance with proof;

iii.    The costs and disbursements of this action; and

iv.    Such other relief as Plaintiff may be shown entitled to.

Dated: Brooklyn, New York
April 6, 2015

/s/ /b/ Kathy A. Polias, Esq.
Kathy A. Polias (KP-9025)
Attorney-at-Law
*Attorney for Plaintiff Enlil Washington*
68 Jay Street, Suite 201
Brooklyn, NY 11201
Tel. No.: 718-514-2062
E-mail address: kathypoliasesq@gmail.com